UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**L.P.**, by and through his mother and natural guardian, N.C., and **N.C.**, individually,

        Plaintiffs,

v.        Case No:   **6:19-cv-2308-Orl-37GJK**

**SCHOOL BOARD OF BREVARD COUNTY**,

        Defendant.

---

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** UNOPPOSED PETITION FOR APPROVAL OF SETTLEMENT OF CLAIM OF MINOR (Doc. No. 35)
>
> **FILED:** October 27, 2020
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

**I.   BACKGROUND.**

On December 11, 2019, Plaintiffs, L.P., a minor, and his mother, N.C., filed an amended complaint against Defendant School Board of Brevard County (the "School Board"), alleging claims for violations of Title IX, 20 U.S.C. § 1681, *et seq.*;

negligence; and loss of consortium. Doc. No. 9. The claims arise out of L.P. allegedly being bullied, sexually harassed, and sexually assaulted during the 2016/2017 school year while he was in first grade by another first grade student at the school and the school's failure to protect him, even after receiving notice of the incidents. *Id.* L.P. is now eleven years old. Doc. No. 36 at ¶ 16.

On August 31, 2020, Plaintiffs notified the Court that the parties settled the case. Doc. No. 29. On September 11, 2020, pursuant to Plaintiffs' motion, the court appointed Todd Romano, Esq., as "guardian ad litem to represent the interest of L.P., a minor, to review the settlement in this case and give his opinions to the Court as to whether the settlement is in L.P.'s best interest." Doc. No. 31. On October 27, 2020, Plaintiffs filed an unopposed motion to approve the settlement (the "Motion"), and on November 6, 2020, the guardian ad litem filed his report on whether the settlement is in L.P.'s best interest. Doc. Nos. 35, 36. The guardian ad litem, who has over twenty years' experience as a plaintiff's trial lawyer, performed his duties in this case pro bono. Doc. No. 36 at ¶ 1. Attached to the Motion is the unexecuted settlement agreement, Plaintiffs' attorneys' disbursal and closing statement, and an itemized list of the costs Plaintiffs incurred. Doc. No. 35 at 7-16.

Under the settlement agreement, the School Board will pay $82,500 in consideration for L.P. and N.C. releasing the claims asserted against it arising out

of the incidents during the 2016/2017 school year. *Id.* at 7-11. The settlement amount will be distributed as follows:

- $20,625 in attorney's fees to Plaintiffs' attorneys;
- $7,095.42 in costs to Plaintiffs' attorneys;
- $2,031.85 to Optum for United Healthcare to satisfy a health insurance lien;
- $2,600 in medical bills;
- $2,500 to The Center for Special Needs Trust to set up a pooled special needs trust;[1] and
- $47,647.73 to fund the pooled special needs trust.

*Id.* at 12-13.

Plaintiffs ask that the Court have a hearing and enter an order:

> A.   Finding that the proposed gross settlement is reasonable and in the minor's best interests, and approving same;
>
> B.   Authorizing the defendant to pay over the gross proceeds of the settlement in accordance with the Settlement

---

[1] A pooled special needs trust is a trust created by individual beneficiaries' accounts within a larger trust and is established and administered by a non-profit organization. Special Needs Answers, *What Is a Pooled Trust and How Does It Protect My Family Member?*, https://specialneedsanswers.com/what-is-a-pooled-trust-and-how-does-it-protect-my-family-member-13590; The Centers, http://www.centersweb.com/special-needs-trusts/. A special needs trust is established to prevent the trust beneficiary from losing public benefits when the trust beneficiary comes into some money, such as from an inheritance. Special Needs Answers, *What Is a Pooled Trust and How Does It Protect My Family Member?*, https://specialneedsanswers.com/what-is-a-pooled-trust-and-how-does-it-protect-my-family-member-13590.

>Agreement and Release and the other closing documents provided; and authorizing the minor plaintiff's natural parent/guardian to execute any settlement agreements and releases as provided by the defendant;
>
>C.   Directing the parties (following exchange of fully executed settlement documents) to submit forthwith a stipulation for entry of an order dismissing the case with prejudice reserving jurisdiction to enforce the terms of the settlement agreement;
>
>D.   Ruling that any of the minor's net recovery be placed in a pooled special needs trust and authorizing the minor plaintiff's natural parent/guardian as the grantor to execute any paperwork and[/]or provide any documentation which may be required to effectuate the trust's establishment;
>
>E.   Ordering that the L.P. pooled special needs trust be established and administered for the sole benefit of L.P.;
>
>F.   Directing and requiring N.C. to fund the L.P. pooled special needs trust;
>
>G.   Discharging the Guardian Ad Litem; [and]
>
>H.   Granting such other relief as the court may deem reasonable and proper.

*Id.* at 5.

In the guardian ad litem's report, he states that he reviewed L.P.'s file, which includes the pleadings, medical records, insurance payments, pooled special needs trust documents, the proposed settlement agreement, the Motion, Plaintiffs' attorneys' closing statement, and L.P.'s prognosis for care, treatment, and disability of injury resulting from the alleged incidents. Doc. No. 36 at ¶ 2. The guardian ad litem believes that the settlement and the distribution of the proceeds

are in L.P.'s best interest. *Id.* at ¶¶ 20, 21, 22. The guardian ad litem also opines that the attorney's fees, which are twenty-five percent of the settlement amount, and the costs are fair and reasonable. *Id.* at ¶¶ 17, 22.

## II.     DISCUSSION.

The Court must resolve two issues to approve the settlement agreement: "whether the appointment of a guardian ad litem is necessary to protect [L.P.'s] interests" and "whether the settlement agreement is in the best interests of" L.P. *Jackson v. Magical Cruise Co., Ltd.*, No. 6:14–CV–1997–ORL–18KRS, 2016 WL 2647689, at *1 (M.D. Fla. Apr. 22, 2016), *report and recommendation adopted*, 2016 WL 2733422 (M.D. Fla. May 9, 2016).

Federal Rule of Civil Procedure 17(c) controls whether a guardian ad litem is appointed. *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001). "[U]nless a conflict of interest exists between the representative and minor, a district court need not even consider the question [of] whether a guardian ad litem should be appointed." *Id.* When a parent who is also a party to the lawsuit represents the minor and has the same interest as the child, there is generally no conflict of interest. *Id.*

Here, N.C. brought suit on L.P.'s behalf, as his mother. Doc. No. 9. Both N.C. and L.P. assert claims against the School Board arising out of the same incidents. Doc. No. 9. Plaintiffs state in the Motion that N.C. "does not have any interest in this matter which may be in conflict with that of the minor, L.P." Doc. No. 35 at ¶

6(4). In *Burke v. Smith*, 252 F.3d at 1264, the Eleventh Circuit found that there was no inherent conflict of interest and the mother's and child's interests were the same in a wrongful death lawsuit in which the mother was also a party, individually and as the representative of the father's estate. The Eleventh Circuit held that a guardian ad litem need not have been appointed. *Id.* This case is similar to *Burke* in that the parent and child have incurred separate damages arising from the same incidents and both seek relief from the same entity. Additionally, no facts have been presented suggesting that L.P.'s mother is incapable of adequately representing L.P.'s interests. Most significantly, the entire net settlement amount will be deposited into a trust for L.P.'s benefit. Doc. No. 35 at 12-13. There is no indication that N.C. will be receiving any money from the settlement. *Id.* Accordingly, the Court need not appoint a guardian ad litem.

Court approval of any settlement after an action involving a child is commenced is required. *Sullivan v. Dep't of Transp.*, 595 So. 2d 219, 220 (Fla. 2d DCA 1992) (citing Fla Stat. § 744.387(3)(a)). The settlement must "be for the best interest of the ward." Fla. Stat. § 744.387(1) (2020); *Wilson v. Griffiths*, 811 So. 2d 709, 712 (Fla. 5th DCA 2002). When determining if a settlement agreement should be approved, "[t]he cardinal rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties." *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991). The purpose of court

approval "is to protect the interests of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." *McLaughlin v. Lara*, 133 So. 3d 1004, 1006 (Fla. 2d DCA 2013).

Having carefully considered the claims at issue in this case, the allocation of the settlement proceeds, and the guardian ad litem's report, Plaintiffs demonstrate the settlement agreement is in L.P.'s best interest. There are no provisions in the settlement agreement that render the agreement fundamentally unfair, unreasonable, or otherwise contrary to L.P.'s best interest. There is no evidence of collusion between the parties. There is no reason to believe that the settlement agreement is not in L.P.'s best interest.

### III. CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Court **GRANT** the Motion (Doc. No. 35).

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **To expedite the final disposition**

**of this matter, if the parties have no objections to this Report and Recommendation, they may promptly file a joint notice of no objection.**

      **RECOMMENDED** in Orlando, Florida, on November 18, 2020.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties